**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

JOSHUA M. NOBRIGA,                        :
ROBERTO H. GARCIA, and                    :
ROBERT L. JOHNSON,                        :
                                          :
        Plaintiffs,                   :
                                          :
v.                                        :     CIVIL ACTION NO.
                                          :
HIRERIGHT, INC.                           :
                                          :     3:14cV018
SERVE: Corporation Service Company        :
      Bank of America Center, 16th Floor    :
      1111 East Main Street            :
      Richmond, VA 23219               :
                                          :
        Defendant.                    :

FILED
JAN - 7 2014
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## COMPLAINT

COME NOW the Plaintiffs, Joshua M. Nobriga ("Nobriga"), Roberto H. Garcia ("Garcia"), and Robert L. Johnson ("Johnson"), collectively the "Plaintiffs", by counsel, and as for their Complaint against the Defendant, they allege as follows:

### PRELIMINARY STATEMENT

1.     This is an action for actual, statutory, and punitive damages, costs, and attorney's fees brought pursuant to 15 U.S.C. § 1681, *et seq.*, the Fair Credit Reporting Act (or "FCRA"). The Defendant operates a national database of public records and related employment histories as a nationwide consumer reporting agency that prepares and furnishes consumer reports for employment and other purposes. Defendant provided inaccurate consumer reports to Plaintiffs' prospective employers who thereafter took adverse action against the Plaintiffs based in whole or in part on the consumer reports the Defendant provided.

2.     The Defendant has a long history of consumer complaints and lawsuits alleging

(and establishing) that it unreasonably mixed the files and information of one consumer with the files and information of another consumer and/or included other inaccurate information just as it did with respect to the current Plaintiffs.

## JURISDICTION

3.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

## PARTIES

4.      Plaintiffs are each "consumers" as defined and protected by the FCRA.

5.      Defendant HireRight, Inc. ("HireRight" or "Defendant") is a foreign corporation doing business in Virginia with a registered agent in Richmond, Virginia.

6.      HireRight is a "consumer reporting agency" as defined in 15 U.S.C. §1681a(f). HireRight is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d) to third parties.

7.      Upon information and belief, Hireright disburses such consumer reports to third parties under contract for monetary compensation.

## STATEMENT OF FACTS

### *Facts Relating to Joshua M. Nobriga*

8.      In or around October of 2012, Plaintiff Nobriga applied employment with AT&T.

9.      In connection with this application, AT&T requested a consumer background report on Plaintiff Nobriga from the Defendant.

10.     In response to this request, the Defendant provided a consumer report regarding Nobriga to AT&T, which was materially inaccurate and misleading.

11.     For example, the Defendant inaccurately included a motor vehicle violation for

reckless driving and another violation for "Additional Court Imposed Orders and Directions".

12.     The Defendant included a "conviction/end date" for both of these alleged violations.

13.     Plaintiff was never charged with or convicted of violating court imposed orders.

14.     Additionally, the reckless driving case against Plaintiff was dismissed, and Defendant's inclusion of this information was impermissible pursuant to Cal. Civ. Code 1785.13.

15.     Around late October of 2012, Plaintiff Nobriga disputed the inaccurate information relating to these motor vehicle violations contained within his background report with the Defendant.

16.     Upon information and belief, Defendant failed to perform a meaningful and searching inquiry into the substance of Nobriga's dispute and record the current status of the disputed information or delete the item from the file in accordance with the requirements of the FCRA.

17.     Further, upon information and belief, the Defendant failed to review and consider all relevant information submitted by Nobriga in his dispute.

18.     In response to Plaintiff's dispute, the Defendant provided Nobriga with an updated report, which still contained notes about Nobriga's dispute, including listing the violations that he previously disputed and stating that they had been removed.

19.     The comment section did not state that Nobriga was not convicted of violating any court imposed orders or that the reckless driving case was dismissed.

20.     Upon information and belief, Defendant furnished this second consumer report to AT&T, including the above comments about the alleged violations.

21.     As a result of the Defendant's actions, Plaintiff Nobriga was not permitted to

begin employment with AT&T at his original scheduled start date.

22.     Instead, Plaintiff was required to wait several months until he could reapply for a position with AT&T and was forced to restart the application process from the beginning.

23.     In January of 2013, HireRight provided AT&T with a third consumer report regarding the Plaintiff in connection with his re-application to AT&T.

24.     At some point prior to this date, the Defendant reinserted the same violations that Plaintiff previously disputed in the October 2012 report and which the Defendant had previously claimed to have deleted.

25.     The Defendant never provided Nobriga with any written notice that the violations were reinserted into his consumer file as required by the FCRA.

26.     Additionally, the Defendant failed to verify that the information was complete and accurate before reinserting the violations into Plaintiff Nobriga's consumer file, again in violation of the FCRA.

27.     Defendant then furnished this third report to AT&T.

28.     Plaintiff Nobriga was forced to submit another dispute to the Defendant in order to get the information corrected.

29.     As a result of this inaccurate consumer reporting, Plaintiff Nobriga suffered actual damages.

### Facts Relating to Roberto H. Garcia

30.     In or around July of 2013, Plaintiff Garcia applied for an employment position with UDR, Inc. ("UDR").

31.     As part of this application procedure, UDR requested a consumer background report on Garcia from the Defendant.

32. The consumer report furnished by Defendant regarding the Plaintiff was materially inaccurate.

33. Defendant furnished a report regarding Plaintiff Garcia to UDR that contained a federal case allegedly against Plaintiff Garcia pending in the Southern District of Florida for the charges of "conspiracy to defraud the United States", "interstate/foreign shipment carriers", and "scheme defraud money, state tax stamps".

34. Defendant mismatched this case to Plaintiff Garcia's file.

35. In fact, in the report that Defendant furnished to UDR, the Defendant admitted that it only confirmed that this case involved Plaintiff Garcia because the plaintiff in this federal case also had the name "Roberto Garcia".

36. The Defendant further stated in the report, "There are no further identifiers available for HireRight to make a firm verification on the possible record."

37. The Roberto Garcia in the pending federal case was not the same person as the Plaintiff.

38. In fact, Plaintiff Garcia is a military veteran with no criminal history.

39. In all respects, the Defendant failed to follow reasonable procedures to assure maximum possible accuracy of the information in the report concerning Plaintiff Garcia.

40. Plaintiff Garcia thereafter suffered an adverse employment decision as a result of the consumer report Defendant provided, and his employment offer with UDR was revoked.

41. After discovering that Defendant had furnished inaccurate information about him in the consumer report, Plaintiff Garcia disputed the inclusion of this federal case in his consumer report with Defendant.

42. Upon information and belief, Defendant failed to perform a meaningful and

searching inquiry into the substance of Garcia's dispute and record the current status of the disputed information or delete the item from the file in accordance with the requirements of the FCRA.

43.     Further, upon information and belief, the Defendant failed to review and consider all relevant information submitted by Garcia in his dispute.

44.     The Defendant subsequently responded to Plaintiff's dispute stating that it was unable to confirm the disputed information and claimed to have removed the information from Plaintiff's report.

45.     However, the updated report HireRight provided still contained a comments section with the case information and a statement that it was removed.

46.     As a result of the Defendant's actions, Plaintiff Garcia was unable to gain employment with UDR and was required to continue looking for other jobs.

47.     Thereafter, in August of 2013, Plaintiff applied for employment with Progressive Casualty Insurance Company ("Progressive").

48.     As part of this application procedure, Progressive requested a consumer background report regarding Plaintiff from the Defendant.

49.     In response to this request, the Defendant provided a consumer report regarding Plaintiff Garcia to Progressive, again falsely reporting the same federal case that Plaintiff Garcia previously disputed with the Defendant and which the Defendant previously claimed to have deleted.

50.     At some point prior to this date, the Defendant reinserted the same inaccurate federal case that Plaintiff previously disputed in the report furnished to UDR and which the Defendant had previously deleted.

51. The Defendant never provided Plaintiff with any written notice that the federal case was reinserted into his consumer file as required by the FCRA.

52. Additionally, the Defendant failed to verify that the information was complete and accurate before reinserting the disputed case into Plaintiff's credit file in violation of the FCRA.

53. Plaintiff Garcia was forced to submit another dispute to the Defendant to get the information corrected.

54. As a result of this inaccurate consumer reporting, Plaintiff Garcia suffered actual damages.

### *Facts Relating to Robert L. Johnson*

55. In summer of 2013, Plaintiff Johnson applied for employment with NCR, Inc. through NCR's temporary placement subsidiary, Global Employment Solutions.

56. In connection with this application, Global Employment Solutions requested an consumer report from the Defendant.

57. On or around July 3, 2013, Defendant provided a consumer report regarding Plaintiff Johnson to Global Employment Solutions.

58. The consumer report that the Defendant provided to Global Employment Solutions regarding Plaintiff Johnson contained numerous, severely derogatory entries that did not belong to him.

59. Specifically, the Defendant was reporting that Plaintiff Johnson had several criminal convictions in Kane County Circuit Court in Kane County, Illinois.

60. Plaintiff Johnson has never lived in, traveled to, or been convicted of a crime in Kane County, Illinois.

61.    Additionally, the consumer report listed other information that does not belong to

Plaintiff Johnson, including, for example, an incorrect middle name.

62.    These derogatory and mismatched set of credit caused NCR, Inc. to withdraw its

offer of employment to Plaintiff Johnson.

63.    As a result of this inaccurate consumer reporting, Plaintiff Johnson suffered actual

damages.

### Common Facts Relating to All Plaintiffs

64.    Defendant failed to maintain reasonable procedures designed to avoid reinsertions

of deleted information and to assure maximum possible accuracy of the information contained

within Plaintiffs' reports.

65.    Additionally, Hireright has substantial notice and knowledge of the "mixed file"

problems and failures of its business procedures and systems.

66.    In fact, in August of 2012, the Federal Trade Commission ("FTC") penalized the

Defendant for behavior similar to that engaged in with respect to the Plaintiffs.[1]  The FTC's

complaint against the Defendant alleged that the Defendant failed to follow reasonable

procedures to prevent the same criminal offense information from being included in a consumer

report multiple times, failed to follow reasonable procedures to prevent obviously inaccurate

consumer report information from being provided to employers, and in numerous cases even

included the records of the wrong person, as occurred with Plaintiff Garcia.

67.    Additionally, HireRight previously faced several lawsuits, including a class action

lawsuit in which it was alleged that the Defendant engaged in much of the same behavior as now

---

[1] See Press Release, Fed. Trade Comm'n, Employment Background Screening Company to Pay $2.6 Million Penalty for Multiple Violations of the Fair Credit Reporting Act (Aug. 8, 2012), available at http://www.ftc.gov/opa/2012/08/hireright.shtm.

with the current Plaintiffs, including its "mixed file" problem. *See, e.g., Ryals, et al. v. HireRight Solutions, Inc., et al.*, Civil No. 3:09cv625.

68.    Despite these lawsuits, Hireright has not significantly modified its procedures to assure that the credit reports that it prepares, publishes, and maintains are as accurate as possible, as required by the FCRA at 15 U.S.C. § 1681e(b).

69.    Upon information and belief, Hireright has not, and does not intend, to modify its procedures to comply with this section of the FCRA because compliance would drastically increase its operating expenses.

70.    Accordingly, Hireright's violation of 15 U.S.C. § 1681e(b) was willful and Hireright is liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

## COUNT ONE: VIOLATION OF 15 U.S.C. § 1681e(b)
### (*All Plaintiffs*)

71.    Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

72.    Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report it furnished regarding the Plaintiffs.

73.    As a result of the Defendant's conduct, action, and inaction, the Plaintiffs suffered actual damages.

74.    Because the Defendant's conduct, action, and inaction was willful and its regular mode of conducting business, Plaintiffs are therefore entitled to recover actual, statutory, and punitive damages together with their attorneys' fees and costs pursuant to 15 U.S.C. § 1681n.

75.     In the alternative, Plaintiffs are entitled to recover actual, statutory, and attorneys' fees and costs pursuant to 15 U.S.C. § 1681o.

## COUNT TWO: VIOLATION OF 15 U.S.C. § 1681i(a)(1)
### (*Plaintiffs Nobriga and Garcia Only*)

76.     Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

77.     Defendant violated 15 U.S.C § 1681i(a)(1) by its conduct which includes, but is not limited to, failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information, or delete the item from the Plaintiffs' files in accordance with § 1681i(a)(5).

78.     As a result of the Defendant's conduct, action, and inaction, the Plaintiffs suffered actual damages.

79.     Because the Defendant's conduct, action, and inaction was willful and its regular mode of conducting business, Plaintiffs are therefore entitled to recover actual, statutory, and punitive damages together with their attorneys' fees and costs pursuant to 15 U.S.C. § 1681n.

80.     In the alternative, Plaintiffs are entitled to recover actual, statutory, and attorneys' fees and costs pursuant to 15 U.S.C. § 1681o.

## COUNT THREE: VIOLATION OF 15 U.S.C. § 1681i(a)(2)
### (*Plaintiffs Nobriga and Garcia Only*)

81.     Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

82.     Defendant violated 15 U.S.C § 1681i(a)(2) by its conduct which includes, but is not limited to, failing to send to the furnisher of the disputed information all relevant information that it received in the Plaintiffs' disputes.

83.     As a result of the Defendant's conduct, action, and inaction, the Plaintiffs suffered actual damages.

84.     Because the Defendant's conduct, action, and inaction was willful and its regular mode of conducting business, Plaintiffs are therefore entitled to recover actual, statutory, and punitive damages together with their attorneys' fees and costs pursuant to 15 U.S.C. § 1681n.

85.     In the alternative, Plaintiffs are entitled to recover actual, statutory, and attorneys' fees and costs pursuant to 15 U.S.C. § 1681o.

## COUNT FOUR: VIOLATION OF 15 U.S.C. § 1681i(a)(4)
### (*Plaintiffs Nobriga and Garcia Only*)

86.     Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

87.     Defendant violated 15 U.S.C § 1681i(a)(4) by its conduct which includes, but is not limited to, failing to review and consider all relevant information that it received in Plaintiff's communications

88.     As a result of the Defendant's conduct, action, and inaction, the Plaintiffs suffered actual damages.

89.     Because the Defendant's conduct, action, and inaction was willful and its regular mode of conducting business, Plaintiffs are therefore entitled to recover actual, statutory, and punitive damages together with their attorneys' fees and costs pursuant to 15 U.S.C. § 1681n.

90.     In the alternative, Plaintiffs are entitled to recover actual, statutory, and attorneys' fees and costs pursuant to 15 U.S.C. § 1681o.

## COUNT FIVE: VIOLATION OF 15 U.S.C. § 1681i(a)(5)(A)
### (*Plaintiffs Nobriga and Garcia Only*)

91.     Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth

at length herein.

92.     The Defendant violated 15 U.S.C § 1681i(a)(5)(A) by its conduct which includes, but is not limited to, failing to update or delete any information that was the subject of Plaintiffs' disputes and that was inaccurate or could not be verified.

93.     As a result of the Defendant's conduct, action, and inaction, the Plaintiffs suffered actual damages.

94.     Because the Defendant's conduct, action, and inaction was willful and its regular mode of conducting business, Plaintiffs are therefore entitled to recover actual, statutory, and punitive damages together with their attorneys' fees and costs pursuant to 15 U.S.C. § 1681n.

95.     In the alternative, Plaintiffs are entitled to recover actual, statutory, and attorneys' fees and costs pursuant to 15 U.S.C. § 1681o.

## COUNT SIX: VIOLATION OF 15 U.S.C. § 1681i(a)(5)(B)
### (Plaintiffs Nobriga and Garcia Only)

96.     Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

97.     The Defendant violated 15 U.S.C. § 1681i(a)(5)(B) by reinserting previously deleted information back into Plaintiffs' consumer files after their disputes without verifying that the information was complete and accurate and without notifying the Plaintiffs that the information was reinserted into their consumer reports.

98.     As a result of the Defendant's conduct, action, and inaction, the Plaintiffs suffered actual damages.

99.     Because the Defendant's conduct, action, and inaction was willful and its regular mode of conducting business, Plaintiffs are therefore entitled to recover actual, statutory, and

punitive damages together with their attorneys' fees and costs pursuant to 15 U.S.C. § 1681n.

100.    In the alternative, Plaintiffs are entitled to recover actual, statutory, and attorneys' fees and costs pursuant to 15 U.S.C. § 1681o.

## COUNT SEVEN: VIOLATION OF 15 U.S.C. § 1681i(a)(5)(C)
*(Plaintiffs Nobriga and Garcia Only)*

101.    Plaintiffs restate each of the allegations in the preceding paragraphs as if set forth at length herein.

102.    The Defendant violated 15 U.S.C. § 1681i(a)(5)(C) by failing to maintain reasonable procedures designed to prevent the reappearance of information that was deleted after dispute in Plaintiffs' subsequent consumer reports.

103.    As a result of the Defendant's conduct, action, and inaction, the Plaintiffs suffered actual damages.

104.    Because the Defendant's conduct, action, and inaction was willful and its regular mode of conducting business, Plaintiffs are therefore entitled to recover actual, statutory, and punitive damages together with their attorneys' fees and costs pursuant to 15 U.S.C. § 1681n.

105.    In the alternative, Plaintiffs are entitled to recover actual, statutory, and attorneys' fees and costs pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiffs respectfully demand judgment for compensatory, statutory, and punitive damages against the Defendant; for their attorneys' fees and costs; for pre-judgment and post-judgment interest at the legal rate; and such other relief the Court does deem just, equitable, and proper.

**TRIAL BY JURY IS DEMANDED.**

Respectfully submitted,
**JOSHUA M. NOBRIGA,**

13

**ROBERTO H. GARCIA, and**
**ROBERT L. JOHNSON**

By:_____
Of Counsel

Janelle Mason Mikac, VSB No. 82389
Matthew J. Erausquin, VSB No. 65434
Casey S. Nash, VSB No. 84261
*Counsel for the Plaintiff*
CONSUMER LITIGATION ASSOCIATES, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Tel:    (703) 273-7770
Fax:    (888) 892-3512
janelle@clalegal.com
matt@clalegal.com
casey@clalegal.com